PANHANDLE & S. F. RY. CO. v. PHILLIPS. (No. 1223.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 17, 1917.)

CARRIERS ☞212 — DELIVERY — INTERSTATE SHIPMENT—"TRANSPORTATION."

In view of Interstate Commerce Act, § 1 (U. S. Comp. St. 1916, § 8563[2]), defining "transportation" to include services in connection with receipt, delivery, etc., the duty to deliver an interstate shipment of calves to the commission company to whom they were consigned was nondelegable, and where delivery could not be made in the pens of the consignee the duty of transportation was not fulfilled by delivery at the chutes of the stockyard company, which placed them in inaccessible pens where there were no facilities for feed or water.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transportation.]

Appeal from Hale County Court; Charles Clements, Judge.

Suit by Jim Phillips against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavins & Mills, of Galveston, Madden, Trulove, Ryburn & Pipkin, of Amarillo, and L. R. Pearson, of Plainview, for appellant. Mathes & Williams, of Plainview, for appellee.

BOYCE, J. This suit was brought to recover damages to a shipment of calves made by appellee from Plainview, Tex., to Kansas City, Mo. The usual allegations of negligent delay and consequent damages are made, and in addition it is alleged that the cattle were held in the unloading pens at Kansas City for a considerable time without feed and water. The principal complaint is based on the action of the court in the submission of the issue presented by the latter allegation.

It is shown that the stock pens at Kansas City are owned and operated by the Kansas City Stockyards Company, an independent corporation. Upon arrival of the stock at Kansas City the railway company sets the cars to the unloading chutes and the cattle are unloaded by the stockyards company. When the shipment is consigned to any of the commission companies engaged in the sale of cattle on this market the stockyards company deliver such cattle to the pens of the particular commission company to which the stock are consigned. These pens are also owned by the stockyards company, but for convenience in yarding the cattle and exhibiting them for sale each commission company has set aside to its use certain pens. This has been the method of handling such cattle at Kansas City for many years. At the time of the unloading of appellee's calves they could not be driven to the pens in use by the commis-sion company to which they were consigned, because the connecting alleys, etc., were full of cattle, the result of a congestion of cattle in the yards on the day of the arrival of this stock. So that the calves were placed by the stockyards company in an overhead viaduct adjacent to the unloading chutes, where there were no facilities to feed or water them, and where they could not be shown to buyers. They remained in this viaduct for several hours until delivered to the pens of the consignee. Appellant insists that under these facts its duty ceased upon delivery of the calves to the stockyards company. It is the duty of a railway company to provide reasonable facilities for unloading and delivering live stock accepted by it for transportation. In a great live stock market this duty would necessarily require the construction and maintenance of extensive pens into which live stock might be unloaded and from which delivery could be made. The obligation of delivery certainly would not be discharged by the mere unloading of the stock in pens that were inaccessible. This duty is a part of the "transportation," and is therefore nondelegable, and if the carrier employs independent agents to perform it, the liability remains the same. Section 1, Interstate Commerce Act (section 8563 (2), West Publishing Company's Compiled Statutes of United States, vol. 8, p. 9061); Covington Stockyards Co. v. Keith, 139 U. S. 128, 11 Sup. Ct. 461, 35 L. Ed. 73; Missouri Pacific Railway Co. v. Haynes, 72 Tex. 175, 10 S. W. 398; Hutchinson on Carriers, § 510. We do not think the facts detailed are sufficient to show that the duty of the railway company in the transportation of the cattle had been fulfilled upon the mere unloading of the cattle at the chutes of the Kansas City Stockyards Company, and the peremptory instructions so informing the jury requested by appellant were properly refused.

We have examined the assignments as to other matters, and find no reversible error presented.

Affirmed.